Pratt, J.
This case involves a large number of isolated facts, but the question is whether the defendants, Cole and Robbins, now have in their hands property belonging to the defendants, Orville 0. Jones, which ought to be applied to the satisfaction of a judgment now held by the plaintiff. On the trial at special term the complaint was dismissed. The plaintiff now claims that errors were committed in. rulings upon the trial, and also that the findings of fact are against the weight of evidence.
As to the first, which related to the admission in evidence of certain letters written by Orville to Edward Jones prior to the transfer of the property by Orville, which, it is claimed, was fraudulent.
We think the letters were competent. One question to be settled and tried, was whether Orville was indebted to Edward at the time the several transfers were made; another, whether such transfers were made as security for such indebtedness, and lastly, whether there was an intent on the part of Orville to defraud his creditors. These letters . was explanatory of the transactions as they occurred, and contained acknowledgements of indebtedness on the part of Orville to Edward.
It was incumbent upon Edward to prove that he was a bona fide creditor, and these letters had a direct bearing • upon this question as well as upon the issue of the intent • of Orville. The letters all related to the one transaction of securing the indebtedness of Orville to Edward, and were ■ written while the negotiations were being carried on, and 5 to characterize them. For example, take Exhibit 1, dated April 16, 1870, and read it in connection with Exhibit 7, dated April 7, 1872, and it will be seen that the conveyance of the property therein referred to was a mortgage • and security for the debt. Each of the letters objected to, was explanatory of a transaction then in process of execution, or in acknowledgemeut of the then existing debt, and ■ thus a part of the transaction and competent.
The evidence is abundant to show tnat Orville was indebted to his brother Edward, and that he intended to secure such indebtedness in preference to his other creditors.
The court below has found that there never was any intent on the part of Orville to defraud his creditors, and that the mortgages sought to be reached by this action had both been applied as security and payment of the debt owed by said Orville to Edward. We think there is sufficient evidence to sustain the findings, and that the judgment must ' be affirmed with costs.
Dykman, J., concurs; Barnard, P. J., not sitting.